UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| LINDA-LEE SCOTT, | ) | Civil Action No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| THOR MOTOR COACH, | ) | |
| CAMPING WORLD RV SALES, | ) | |
| AND GARY'S RV CENTERS, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **COMPLAINT**

1.      Linda-Lee Scott ("Linda Scott") is an individual who resides at 52 Colby Road, Moultonborough, New Hampshire 03254.

2.      Ford Motor Company. ("Ford") is an automobile manufacturer. Its registered agent is at 9 Capitol Street, Concord, NH, 03301.

3.      Thor Motor Coach ("Thor") is a Motorhome manufacturer with a principal place of business at 701 Country Road 15, P.O Box 1486, Elkhart, IN 46516, which conducts business in the state of New Hampshire.

4.      Camping World RV Sales, ("Camping World") is a Motorhome dealership with a principal place of business at 250 Parkway Drive, Suite 270, Lincolnshire, IL 60069, which conducts business in the state of New Hampshire.

5.      Gary's RV Centers, LLC, ("Gary's RV") is a Motorhome dealership with a principal place of business 1571 East Main Street, Route 302, P.O. Box 69, Center Conway, NH 03813.

### **Jurisdiction and Venue**

5.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this

action arises under the Magnuson Moss Warranty-Federal Trade Commission Improvements Act, 15 U.S.C. §§ 2301-2312.

6. Venue properly lies in the District of New Hampshire under 28 U.S.C. § 1391 because the plaintiffs are residents of this judicial district and there is no real property involved in the action.

## Allegations Common to All Counts

7. On or about on May 27, 2016, Linda Scott, along with her late husband,[1] James Scott (collectively the "Scotts"), purchased a Thor Motorhome (VIN No. 1FC4E4KSXHDC00669), with a chassis manufactured by Ford, through Gary's RV which is a local dealer for Camping World (the "Motorhome").

8. The Purchase and Sale contract called for payment price of $83,500.00.

9. Ford is the manufacturer of the chassis in the Motorhome.

10. Ford provided a warranty for the chassis component (among others) of the Motorhome for 7 years or 70,000 miles, whichever came first.

11. Thor Motor Coach provided a limited warranty excluding the chassis and component parts and appliances that are warranted by their manufacturer.

12. Camping World's warranty states that the Motorhome is sold "as is" and disclaims any responsibility for the performance of the Motorhome.

13. When the Scotts purchased the Motorhome, they also entered a service contract ("Vehicle Service Contract") with Camping World through Gary's RV and paid $3195 for the contract in addition to the payment price of the Motorhome.

14. Beginning on or about November 25, 2016, just six months after purchase. The Scotts raised nearly a dozen issues with the Motorhome's performance.

---

[1] Mr. Scott passed away suddenly on May 22, 2017. Linda Scott is now the sole owner of the motorhome in question.

15.     One issue the Scotts raised regarding the Motorhome's performance was lack of power and an "engine knock" rattling noise emanating from the front of the Motorhome after driving the Motorhome only 4,753 miles.

16.     On November 30, 2016, at Ford's recommendation, the Scotts brought the Motorhome to Irwin Automotive Group ("Irwin").

17.     The Motorhome remained at Irwin until March 6, 2017.  During this time Irwin tested the Motorhome and verified the Scotts' concerns.

18.     Consequently, a Ford Field Service Engineer, Justin Manning ("Manning"), was dispatched to examine the Motorhome.  Manning made multiple repair recommendations, all of which were executed by Irwin.

19.     Despite Manning's recommendations and multiple attempts to fix the Motorhome, the engine-knock problem persisted.

20.     The engine knocking was accompanied by a lack of power, which affects the safety of the Motorhome.

21.     Ford's own case notes state "per FSE Justin Manning, Ford is out of ideas to correct the issue."  Moreover, Irwin Motors reported that "Ford is now at loss for repair possibilities."

22.     At this time, the Motorhome remains incapable of being repaired, rendering the Motorhome unusable and unfit for the purpose for which it was intended.

23.     The Scotts accepted the Motorhome without discovering its defects and nonconformity.

24.     The Scotts were reasonably induced to accept the Motorhome by difficulty of discovery and/or the assurances of Camping World through its agents at Gary's RV.

25.     The Motorhome's defects constitute nonconformity that objectively and substantially render the Motorhome unfit for its intended purpose.

26.     On April 26, 2017, the Scotts served a Revocation of Acceptance of the Motorhome upon the Defendants under Section 2-608 of the Uniform Commercial Code.

27.     The notice of revocation was given at the earliest reasonable time after discovery of the nonconformity of the equipment and before there is a substantial change in the condition of the Motorhome not caused by the defect(s).

28.     Although the Defendants acknowledged receipt of the Scott's revocation of acceptance, no Defendant has accepted return of the Motorhome and returned the Scott's full purchase price.

**Count I**
Revocation of Acceptance (NH R.S.A. 382-A:2-608)
(Against Camping World and Gary's RV)

29.     The allegations contained in paragraphs 1 through 28 of this Complaint are incorporated as if fully set forth herein.

30.     Linda Scott accepted the Motorhome without discovering its defects and non-conformity.

31.     Linda Scott's acceptance of the Motorhome was reasonably induced by the difficulty of discovery and by Camping World and Gary's RV's assurances.

32.     The defects in the Motorhome constitute non-conformity that objectively and substantially impair the value of the Motorhome to Linda Scott.

33.     Linda Scott gave notice to Camping World and Gary's RV for revocation on or about April 26, 2017, the earliest reasonable time after discovery of the non-conformity of the Motorhome.

34.     Notice of revocation was given to prior to any substantial change in the condition of the Motorhome not caused by the defect.

35.     Although the components of the Motorhome system were covered by limited warranties, these warranties failed in their essential purpose entitling Linda Scott to revoke acceptance of the system as a whole.

36.     Linda Scott is entitled to a return of the purchase price for the Motorhome or a credit of the purchase price with Camping World and Gary's RV.

**Count II**
Breach of Contractual Warranty
(Against Ford)

37.     The allegations contained in paragraphs 1 through 36 of this Complaint are incorporated as if fully set forth herein.

38.     Implicit in the contract between Linda Scott and Ford was an obligation of Ford to provide goods and services in a reasonable and workmanlike manner.

39.     Ford breached its obligation by failing to provide Linda Scott with a chassis and by failing to fix the chassis when defects were brought to Ford's attention.

40.     Ford's breach entitles Linda Scott to damages within the jurisdictional limit of this Court.

**Count III**
Breach of Implied Warranty
(Against all Defendants)

41.     The allegations contained in paragraphs 1 through 40 of this Complaint are incorporated as if fully set forth herein.

42.     Linda Scott purchased the Thor Motor Coach Motorhome through Gary's RV, Camping World's local dealer, containing a chassis manufactured by Ford.

43.     At the time of purchase, Thor Motor Coach, Camping World, Gary's RV and Ford were in the business of selling and/or manufacturing consumer goods.

44.     The Motorhome purchased by Linda Scott was not fit for the ordinary purpose for which Motorhomes are used, and did not meet Linda Scott' reasonable expectations.

45.     Linda Scott brought the breach of the implied warranty to the Defendants' attention.

46.     The Defendants breach entitles Linda Scott to damages within the jurisdictional limits of this Court.

**Count IV**
Violation of Magnuson-Moss Warranty Act – 15 U.S.C. §2301 *et seq.*
(Against All Defendants)

47.     The allegations contained in paragraphs 1 through 46 in this Complaint are incorporated as fully set forth herein.

48.     Linda Scott purchased the Motorhome, a consumer product, and is accordingly a consumer as defined under 15 U.S.C. §2301(3).

49.     Linda Scott purchased the Motorhome, a Thor Motor Coach with a chassis manufactured by Ford, through Gary's RV, a local dealer of Camping World.

50.     Ford gave a written warranty for the Motorhome's chassis. Accordingly, Ford is a warrantor as defined in 15 U.S.C. §2301(5).

51.     Thor gave a limited written warranty to Linda Scott in connection with her purchase of the Motorhome. Thus, Thor is also a warrantor as defined in 15 U.S.C. §2301(5).

52.     Linda Scott entered into a service contract with Camping World for the service of the Motorhome. Thus, although Camping World sold the Motorhome to Linda Scott "as is," Camping World is subject to 15 U.S.C. § 2310(d) by virtue of its service contract with Linda Scott.

53.     The warranty period for the chassis, pursuant to the Ford warranty, is 7 years or 70,000 miles, whichever first occurs.

54.     During the warranty period, the Motorhome presented nearly a dozen issues, which were raised by Linda Scott, including the lack of engine power and an "engine knock" rattling noise emanating from the front of the Motorhome after driving the Motorhome for only 4,753 miles.

55.     Linda Scott notified all Defendants of the Motorhome's defects at the earliest possible opportunity.

56.     Ford sent its field engineer, Manning, to examine the Motorhome.

57.     After a reasonable number of attempts, Manning was unable to resolve the Motorhome's numerous issues, including the engine knock, and the Motorhome remains unfit for its intended purpose to this day.

58.     Ford's warranty specifically reads that the remedy of repair, replacement or adjustment of defective parts "shall not be deemed to have failed its essential purpose so long as Ford, through its authorized dealers, is willing and able to repair, replace or adjust defective parts…" Ford has failed to repair and replace defective parts of the Motorhome, namely the chassis.

59.     The Defendants' violation of 15 U.S.C. §2301 et seq. directly and proximately caused damage to Linda Scott within the jurisdictional limits of this Court.

60.     Pursuant to 15 U.S.C. § 2310(d)(2), Linda Scott is entitled to her reasonable attorneys' fees and costs.

**Count V**
Violation of Consumer Protection Act (NH R.S.A. 358-A)
(Against all Defendants)

61.     The allegations contained in paragraphs 1 through 60 in this Complaint are incorporated as fully set forth herein.

62.     The purchase and sale agreement entered into between the Linda Scott and Camping World, as well as the warranties, are covered by New Hampshire's Consumer Protection Act, R.S.A. 358-A.

63.     The defendants violated NH R.S.A. 358-A by representing that the goods or services provided to Linda Scott had certain uses, benefits or qualities that they did not have.

64.     The defendants further violated NH R.S.A. 358-A by representing to Linda Scott that the Motorhome was of a particular standard, quality or grade when in effect it was not.

65.     The defendants' violation of NH R.S.A. 358 was done willingly and knowingly so as to entitle Linda Scott to an award of treble damages as well as all legal costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Linda Scott respectfully requests that this Court:

A.     Enter an order that Linda Scott' revocation of acceptance was effective.

B.     Award Linda Scott their actual damages as a result of the defendants' breach of contract.

C.     Award Linda Scott treble damages as a result of the defendants' willful violation of NH R.S.A. 358-A.

D.     Award Linda Scott her reasonable attorney's fees and costs.

E.     Grant such other and further relief as may be necessary and just.

Respectfully submitted,

**LINDA SCOTT**

By her attorneys,

SHEEHAN PHINNEY BASS & GREEN, PA

Dated: August 16, 2017          /s/ Michael J. Lambert
                                Michael J. Lambert, NH Bar # 11310
                                Sheehan Phinney Bass & Green, PA
                                1000 Elm Street
                                Manchester, NH 03105
                                (617) 897-5637
                                mlambert@sheehan.com

8